1   **GEOFFREY V. WHITE (SBN. 068012)**
    **LAW OFFICE OF GEOFFREY V. WHITE**
2   351 California St., Suite 1500
    San Francisco, California 94104
3   Telephone: (415) 362-5658
    Facsimile: (415) 362-4115
4   Email: gvwhite@sprynet.com

5   Attorneys for Plaintiffs

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF SAN FRANCISCO

10                           (UNLIMITED JURISDICTION)

11

12  **CATHERINE MOLNAR** and          )   Case No. CGC-07-467639
    **PATRICIA SHEPARD**,             )
13                                    )   **PLAINTIFFS' MEMORANDUM IN**
             Plaintiffs,              )   **OPPOSITION TO DEFENDANTS'**
14                                    )   **DEMURRER TO COMPLAINT**
         v.                           )
15                                    )   Date:  February 11, 2008
    **S & Y ASSET MANAGEMENT LLC,** a )   Time:  9:30 a.m.
16  Delaware corporation; **STONE &** )   Dept.: 301
    **YOUNGBERG, LLC,** a California   )
17  corporation; **JOSEPH PIAZZA; TOM**)
    **LOCKARD;** and **DOES ONE through**)
18  **TWENTY,** inclusive,            )
                                      )
19                                    )
             Defendants.              )
20                                    )
                                      )
21  _____  )

22

23

24

25

26

27

28

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' DEMURRER TO COMPLAINT**
**CASE NO.  CGC-07-467639**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ........................................................................................................................2

    **I.**     Under Defendants' Own Argument, the Applicable Statute of Limitations for Plaintiffs' Section 970 Claim, as a "Liability Based on Statute," is Three Years, So The Complaint Was Timely Filed...........................................................................2

    **II.**    This Court Need Not Resolve the Proper Characterization of a Section 970 Cause of Action and Applicable Statute of Limitations, Because California's Long-Established Doctrine of Equitable Tolling Applies Where, As Here, Plaintiff Has Several Remedies Available and Pursues Federal Administrative Relief Prior to Her State Suit. .....................................................................................................3

    **III.**   As Shown By the Declaration of Geoffrey V. White, Filed Herewith, Plaintiffs Have Met All The Tests For Equitable Tolling Here, and Should be Allowed to Amend Their Complaint To So Allege. ...................................................................5

CONCLUSION.....................................................................................................................6

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

**Page**

4

Cervantes v. City of San Diego,
   5 F.3d 1273 (9th cir. 1993) ...........................................................5

5

Chavira v. Payless shoe Source,
6   140 F.R.D. 441 (E.D. Cal. 1991) ................................................5

7

### STATE CASES

8

Addison v. State of California,
   21 Cal. 3d 313 (1978) ...............................................................4
9

Barton v. New United Motor Manufacturing Co.,
10   43 Cal. App. 4th 1200 (1996) ...................................................3

11

Burden v. County of Santa Clara,
   81 Cal. App. 4th 244 (2000) ....................................................3
12

Collier v. City of Pasadena,
13   142 Cal. App. 3d 917 (1983) ...............................................4, 5

14

Collins v. Rocha,
   7 Cal. 3d 232 (1972) .................................................................2
15

Elkins v. Derby,
16   12 Cal. 3d 410 (1974) ...............................................................3

17

Finch v. Brenda Raceway Corp.,
   22 Cal. App. 4th 547 (1994) ....................................................3
18

Garabedian v. Skochko,
19   232 Cal. App. 3d 836 (1991) ....................................................5

20

Jones v. Tracy School District,
   27 Cal. 3d 99 (1980) .................................................................4
21

Lazar v. Superior Court,
22   12 Cal. 4th 631 (1996) .............................................................2

23

Nichols v. Canoga Industries, 83 Cal.App. 3d 956 (1978)....................4

24

Seubert v. McKesson Corp.,
   223 Cal. App. 3d 1514 (1990) ..................................................3
25

Tyco Industries Inc. v. Superior Court,
26   164 Cal. App. 3d 148 (1985) ....................................................3

27

### STATE STATUTES

28

Cal. Lab. Code Section 970 ..........................................................1, 2

1  **GEOFFREY V. WHITE (SBN. 068012)**
   **LAW OFFICE OF GEOFFREY V. WHITE**
2  351 California St., Suite 1500
   San Francisco, California 94104
3  Telephone: (415) 362-5658
   Facsimile: (415) 362-4115
4  Email: gvwhite@sprynet.com

5  Attorneys for Plaintiffs

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10                    (UNLIMITED JURISDICTION)

11

12  **CATHERINE MOLNAR** and          )  **Case No. CGC-07-467639**
    **PATRICIA SHEPARD,**             )
13                                    )  **PLAINTIFFS' MEMORANDUM IN**
            Plaintiffs,               )  **OPPOSITION TO DEFENDANTS'**
14                                    )  **DEMURRER TO COMPLAINT**
         v.                           )
15                                    )  Date:  February 11, 2008
    **S & Y ASSET MANAGEMENT LLC,** a )  Time:  9:30 a.m.
16  Delaware corporation; **STONE &** )  Dept.: 301
    **YOUNGBERG, LLC,** a California   )
17  corporation; **JOSEPH PIAZZA; TOM**)
    **LOCKARD;** and **DOES ONE through**)
18  **TWENTY,** inclusive,            )
                                      )
19                                    )
            Defendants.               )
20                                    )
                                      )
21

22                    <u>**PRELIMINARY STATEMENT**</u>

23          On September 27, 2007, Plaintiffs filed their Complaint herein, alleging several claims

24  relating to their wrongful termination of employment by Defendants on October 7, 2005.  On

25  January 17, 2008, Defendants filed their Demurrer to Plaintiffs' Fifth Cause of Action

26  (Complaint, paragraphs 46-50) alleging a violation of Cal. Lab. Code Section 970, which

27  prohibits employers from fraudulently inducing an employee to move his or her residence by

28  knowingly false representations.  Defendants claim that this Cause of Action is untimely,

1  because, they assert, "Claims under Section 970 are subject to the <u>one-year</u> statute of limitations

2  set forth in California Code of Civil Procedure Section 340(a) for liability based on statute."

3  (emphasis in original) [Defendants' Memorandum at 2:12-14].   Defendants cite only one

4  California case from 1984 in support of this proposition.   Defendants further claim that the

5  applicable statute of limitations for the Section 970 claim was not tolled because of Plaintiffs'

6  pursuit of discrimination claims with the Equal Employment Opportunity Commission, but cite

7  no State law to support that contention. [Id at 2:23-25].

8  Defendants fail to point out to the Court that Cal. Code Civ. Pro. Section 340(a) was

9  amended in 2002, to enlarge the applicable statute of limitations to a minimum of 2 years.

10  Further, Defendants fail to analyze applicable State law regarding equitable tolling based on

11  Plaintiffs' pursuit of Federal administrative remedies.   As we demonstrate below, Defendants'

12  Demurrer is without merit and should be overruled.

### ARGUMENT

I.   **Under Defendants' Own Argument, the Applicable Statute of Limitations for Plaintiffs' Section 970 Claim, as a "Liability Based on Statute," is Three Years, So The Complaint Was Timely Filed.**

Defendants contend that Plaintiffs' Section 970 claim is governed by the statute of

limitations for "liabilities based on statute," but the limitations period for such a claim is plainly

3 years, so the action is timely.  Cal. Code Civ. Pro. Section 338(a).  Analysis of case law under

Section 970 shows the applicable statute of limitations is no less than 2 years, so the action is

timely however it is characterized.

California courts have characterized claims under Lab. Code Section 970 as analogous to

common law claims for fraudulent inducement of a contract of employment, or the tort of deceit.

For example, in <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638-39, 645 (1996) the Supreme Court

discussed Section 970 as an expansion of the common law claim for fraudulent inducement of a

contract of employment.   Similarly, the Supreme Court characterized a Section 970 claim as

based on to the tort of deceit in <u>Collins v. Rocha</u>, 7 Cal. 3d 232, 239-40 (1972).

1    The Courts of Appeal have also variously characterized a Section 970 claim as based on

2  the tort of deceit, as fraud, or simply as a "statutory tort." <u>Tyco Industries Inc. v. Superior Court</u>,

3  164 Cal. App. 3d 148, 156 (1985) (characterizing as "knowingly false representation"); <u>Seubert</u>

4  <u>v. McKesson Corp.</u>, 223 Cal. App. 3d 1514, 1522 (1990) (characterizing as similar to a claim of

5  fraud); <u>Finch v. Brenda Raceway Corp.</u>, 22 Cal. App. 4th 547, 553-554 (1994) (characterizing as

6  "intentional misrepresentation"); <u>Burden v. County of Santa Clara</u>, 81 Cal. App. 4th 244, 252

7  (2000) ("Labor Code Section 970 creates a statutory tort cause of action").

8    In sum, if Plaintiffs' Labor Code Section 970 claim is considered one for fraud or

9  intentional misrepresentations, it is governed by the three-year statute of limitations contained in

10  Cal. Code Civ. Pro. Section 338(d).  If it is considered a tort, it would be governed by the general

11  tort statute of limitations for personal injuries, which is now two years.  Cal. Code Civ. Pro.

12  Section 335.1.  Accordingly, the shortest applicable period of limitations for Plaintiffs' claim is

13  the two-year statute, so the Complaint was timely filed.  <u>Barton v. New United Motor Mfg. Co.</u>,

14  43 Cal. App. 4th 1200, 1209 (1996) (holding that a claim for tortious termination is governed by

15  the personal injury statute of limitations, which is now two years).

16    **II.    This Court Need Not Resolve the Proper Characterization of a**
       **Section 970 Cause of Action and Applicable Statute of**
17     **Limitations, Because California's Long-Established Doctrine**
       **of Equitable Tolling Applies Where, As Here, Plaintiff Has**
18     **Several    Remedies    Available    and    Pursues    Federal**
       **Administrative Relief Prior to Her State Suit.**
19

20    California has long recognized the doctrine of equitable tolling where a Plaintiff

21  has several available remedies, and chooses to pursue one reasonably and in good faith.  <u>See</u>,

22  <u>generally</u>, Witkin, Cal. Procedure, Actions, §§ 668-669.  The California Supreme Court and

23  Courts of Appeal have repeatedly held that pursuit of Federal or State administrative proceedings

24  equitably tolls the State statute of limitations.  As the Supreme Court stated in <u>Elkins v. Derby</u>,

25  12 Cal. 3d 410 (1974), California cases have established the principle that

26     "... <u>regardless of whether the exhaustion of one remedy is a prerequisite to</u>
       <u>the pursuit of another</u>, if the Defendant is not prejudiced thereby, the running of
27     the limitations period is tolled '[w]hen an injured· person has several legal
       remedies and, reasonably and in good faith, pursues one.'" (Citations omitted)
28     (emphasis added)                                                        [<u>Id.</u> at 414]

Similarly, in <u>Addison v. State of California</u>, 21 Cal. 3d 313, 319 (1978), the Court applied equitable tolling where the Plaintiffs had filed a Federal lawsuit claiming violation of civil rights, which was then dismissed, leading to a State lawsuit on the claims. The Court held the State limitations period was tolled by the Federal action.

> "As demonstrated by *Bollinger* and *Elkins*, application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff. These elements seemingly are present here. As noted, the Federal Court, without prejudice, declined to assert jurisdiction over a timely filed State law cause of action and plaintiffs thereafter promptly asserted that cause in the proper State Court. Unquestionably, the same set of facts may be the basis for claims under both Federal and State law. <u>We discern no reason of policy which would require Plaintiffs to file simultaneously two separate actions based upon the same facts in both State and Federal Courts, since 'duplicative proceedings are surely inefficient, awkward and laborious.'"</u> (Citations omitted) (emphasis added)
> [<u>Ibid</u> at 319].

The Supreme Court applied the equitable tolling doctrine again in <u>Jones v. Tracy School District</u>, 27 Cal. 3d 99, 109 (1980). There, the plaintiff first pursued Federal administrative remedies under the Fair Labor Standards Act for wage discrimination, and then filed a suit under the California Labor Code. Following <u>Addison</u> and <u>Elkins</u>, the Supreme Court held the two-year State statute of limitations had been equitably tolled by the prior Federal proceedings. The Court reversed summary judgment and remanded the case to allow the plaintiff to establish that she had met the requirements for equitable tolling during the period in which she was pursuing the alternative Federal remedy.

Contrary to Defendants, under the holdings of <u>Elkins</u> and <u>Addison</u>, it matters not whether the Federal and State remedies are inconsistent, and equitable tolling applies even where the remedies could have been pursued simultaneously. <u>Nichols v. Canoga Industries</u>, 83. Cal. App. 3d 956, 963-964 (1978).

Defendants claim that Plaintiffs' Section 970 claim is not tolled because it is a "separate and independent" remedy [Defendants' Memorandum at 2:27] cannot avoid application of the 3-part test under <u>Elkins</u> and <u>Addison</u>. The question whether Plaintiffs' Federal and State claims are "similar" focuses on whether the prior claim adequately warned the Defendants in the subsequent claim of the need to prepare a defense. <u>Collier v. City of Pasadena</u>, 142 Cal. App. 3d 917, 925

1   (1983); <u>Garabedian v. Skochko</u>, 232 Cal. App. 3d 836, 846 (1991).

2     In the present case, the major injury alleged in Plaintiffs' Complaint is their termination

3   of employment, and Plaintiffs pursued appropriate efforts to mitigate that injury.  Defendants'

4   investigation of the Federal claims would necessarily involve collection of evidence to rebut the

5   State claim; so tolling is fully applicable.  <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1277

6   (9th Cir. 1993); <u>Chavira v. Payless shoe Source</u>, 140 F.R.D. 441, 446 (E.D. Cal. 1991).

7     More importantly, Defendants had <u>actual knowledge</u> of Plaintiffs' Section 970 claim by

8   October 31, 2005, so there can be no question that Defendants' investigation encompassed this

9   claim from the very outset.

10 **III. As Shown By the Declaration of Geoffrey V. White, Filed**

11   **Herewith, Plaintiffs Have Met All The Tests For Equitable**
   **Tolling Here, and Should be Allowed to Amend Their**

12   **Complaint To So Allege.**

13     As shown by the facts set forth in the Declaration of Geoffrey V. White, filed

14   herewith, Plaintiffs sent written notice to Defendants of their Section 970 claim within three

15   weeks of their termination from employment.  This notice was a detailed recitation of the facts,

16   and included reference to the Section 970 claim.  It was followed by additional written

17   communications between Plaintiffs' counsel and Defendants' counsel, specifically discussing the

18   Section 970 claim in November, 2005.  Plaintiffs filed a timely EEOC charge in December,

19   2005, and pursued conciliation efforts in good faith under the auspices of the EEOC through

20   November, 2006, when the parties conducted a private mediation before JAMS Mediator Hon.

21   William Cahill (Ret.).  That Mediation also included the Section 970 claim.  At the Defendants'

22   request, the EEOC then conducted an expanded investigation of the employment practices of

23   Defendants, which has not yet been concluded.  Because of the delay in concluding that

24   investigation, Plaintiffs filed their Complaint on the State Court claims on September 27, 2007,

25   in an effort to avoid further delay.  Defendants certainly cannot show any prejudice by this joint

26   pursuit of Federal and private conciliation efforts, because they fully participated in these efforts

27   to resolve all claims arising from Plaintiffs' termination of employment, including the Section

28   970 claim.

1

## CONCLUSION

2      As shown above, the true facts demonstrate that Plaintiffs' efforts to pursue Federal

3  administrative conciliation of their claims against Defendants entitles them to equitable tolling of

4  the State limitations period for their Section 970 claim.  Accordingly, Plaintiffs should be given

5  leave to amend to allege these true facts in their Complaint, and Defendants Demurrer should be

6  overruled.

7  Dated:  January 29, 2008                    Respectfully submitted.

8

9                                           LAW OFFICE OF GEOFFREY V. WHITE

10                          By:     _____
                                    Geoffrey V. White
11                                  Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

3    I am a resident of the State of California, over the age of eighteen years, and not a party

4    to the within action.   My business address is:   Law Office of Geoffrey V. White, 351

5    California Street, San Francisco, CA 94104-2407.   On January 29, 2008, I served the within

6    documents:

7                       **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
                       **DEFENDANTS' DEMURRER TO COMPLAINT**

8
                       **DECLARATION OF GEOFFREY V. WHITE IN SUPPORT**
9                      **OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
                       **DEFENDANTS' DEMURRER**

10
                          **[PROPOSED] ORDER OVERRULING**
11                            **DEFENDANTS' DEMURRER**

12   ☒   by personally delivering the documents listed above via messenger to the person(s) at the
         address set forth below.

13
         Michael T. Lucey
14       Gordon & Rees
         275 Battery Street, Suite 2000
15       San Francisco, CA 94111
         Telephone:  (415) 986-5900
16       Facsimile:  (415) 986-8054

17       I am readily familiar with the firm's practice and collection of processing correspondence
     for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that
18   same day with postage thereon fully prepaid in the ordinary course of business.  I am aware
     that on motion of the party served, service is presumed invalid if postal cancellation date or
19   postage meter date is more than one day after the date of deposit for mailing in affidavit.

20       I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.

21

22       Executed on January 29, 2008, at San Francisco, California.

23                                            _____
                                             Geoffrey V. White

24

25

26

27

*Catherine Molnar and Patricia Shepard v. Stone & Youngberg, et al.*
28   **Case No. CGC-07-467639**

Proof of Service

1  GEOFFREY V. WHITE (SBN. 068012)
   LAW OFFICE OF GEOFFREY V. WHITE
2  351 California St., Suite 1500
   San Francisco, California 94104
3  Telephone: (415) 362-5658
   Facsimile:  (415) 362-4115
4  Email: gvwhite@sprynet.com

5  Attorneys for Plaintiffs

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN FRANCISCO

10                    (UNLIMITED JURISDICTION)

11

12  CATHERINE MOLNAR and          )  Case No. CGC-07-467639
    PATRICIA SHEPARD,             )
13                                )  DECLARATION OF GEOFFREY V.
              Plaintiffs,         )  WHITE IN SUPPORT OF PLAINTIFFS'
14                                )  MEMORANDUM IN OPPOSITION TO
         v.                       )  DEFENDANTS' DEMURRER
15                                )
    S & Y ASSET MANAGEMENT LLC, a )
16  Delaware corporation; STONE & )  Date:  February 11, 2008
    YOUNGBERG, LLC, a California  )  Time:  9:30 a.m.
17  corporation; JOSEPH PIAZZA; TOM )  Dept.:  301
    LOCKARD; and DOES ONE through )
18  TWENTY, inclusive,            )
                                  )
19                                )
                                  )
20            Defendants.         )
                                  )
21  _____)

22        I, GEOFFREY V. WHITE, declare as follows:

23        1.    I am an attorney at law, admitted to practice before all the Courts of this State,

24  and the attorney for Plaintiffs herein.  I make this Declaration in support of Plaintiffs' Opposition

25  to Defendants' Demurrer, to demonstrate to this Court that Plaintiffs should be allowed to amend

26  their Complaint to allege the following facts to support equitable tolling of Plaintiffs' State law

27  claims against Defendants because of their pursuit of Federal administrative remedies.  I have

28  personal knowledge of the matters stated herein, and could and would competently testify thereto

DECLARATION OF GEOFFREY V. WHITE IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' DEMURRER - CASE NO. CGC-07-467639                                    - 1 -

1   if called as a witness.

2       2.      Three weeks after Plaintiffs were terminated on or about October 7, 2005, I wrote

3   to Defendant Stone & Youngberg on October 31, 2005 with a detailed recitation of the facts and

4   a demand for settlement.  A true copy of that letter is attached hereto as Exhibit 1, although the

5   settlement demand itself has been redacted.   As part of that 5-page recitation of facts, we

6   specifically put Defendants on notice that Plaintiffs were claiming damages under Cal. Labor

7   Code Section 970, because of Defendants' allegedly false representations to Plaintiffs, inducing

8   them to move their residence.  Exhibit 1 at pages 2-3.  We followed up that letter with a fuller

9   discussion of the Section 970 claim in a letter to Defendants' attorneys, dated November 23,

10  2005.

11      3.      On or about December 13, 2005, Plaintiffs timely filed a charge of employment

12  discrimination with the Equal Employment Opportunity Commission, alleging several claims of

13  discrimination based on sex and pregnancy, in violation of Title VII of the Civil Rights Act of

14  1964.  True and complete copies of these charges are attached hereto as Exhibit 2.

15      4.      Shortly after the filing of these EEOC Charges, Defendants agreed to meet

16  privately to discuss settlement of all the claims encompassed by Plaintiffs' demand letter dated

17  October 31, 2005.  Representatives of Plaintiffs and Defendants, including Defendant Lockard,

18  along with their attorneys, met on February 2, 2006.  The parties were unsuccessful in reaching a

19  settlement, but did agree to pursue private mediation before JAMS.

20      5.      During the pendancy of that JAMS Mediation, Plaintiffs' counsel also sent written

21  notification of Plaintiffs' claims to Defendant Piazza, and requested his participation in that

22  Mediation, providing him with a complete copy of Plaintiffs' demand letter dated October 31,

23  2005.  A true and complete copy of that letter to Defendant Piazza, dated May 23, 2006, is

24  attached hereto as Exhibit 3.

25      6.      The parties agreed to hold the Mediation before JAMS Mediator Hon. William J.

26  Cahill (Ret.) and initially scheduled it for May 1, 2006.  However, the Mediation was repeatedly

27  delayed by agreement of the parties, to allow additional time for the EEOC to complete its

28  investigation, so that both the State and Federal claims could be addressed in the course of that

**DECLARATION OF GEOFFREY V. WHITE IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' DEMURRER - CASE NO. CGC-07-467639**                        -2-

1   Mediation.   Because of the lengthy EEOC investigation, scheduled dates for the JAMS

2   Mediation set for June 21, 2006, August 23, 2006, and September 27, 2006 were continued by

3   agreement of the parties.

4          7.   On September 18, 2006, the EEOC issued its Determination, finding that

5   Plaintiffs Molnar and Shepard had been discriminated against because of their sex, and subjected

6   to disparate terms and conditions of employment.   True and complete copies of the EEOC

7   Determination letters for Plaintiffs are attached hereto as Exhibit 4.

8          8.   On November 8, 2006, the parties and their counsel, as well as representatives of

9   the EEOC, participated in a mediation before Mediator Cahill and attempted to resolve all of the

10  issues presented by Plaintiffs' State and Federal claims, including Plaintiffs' claims under Labor

11  Code Section 970.   The parties were unable to reach a settlement at that time.   At Defendants'

12  request during the Mediation, the EEOC agreed to expand its investigation of the employment

13  practices of Defendants beyond the class originally alleged by Plaintiffs.   Pursuant to that

14  agreement, the EEOC withdrew its earlier Determination Letters, pending completion of that

15  expanded investigation.   A true copy of the EEOC letter, dated January 25, 2007 is attached

16  hereto as Exhibit 5.

17        9.   Plaintiffs filed their Complaint herein on September 27, 2007, because of the

18  lengthy delays in the EEOC's investigation (at Defendants' request) of the expanded class of

19  women employed by Defendants.   Plaintiffs filed their Complaint herein in good faith, in order

20  to address the State law issues without further delay, and with the expectation that the EEOC's

21  investigation would be completed within in a short period of time.

22       10.   Plaintiffs' counsel has recently been advised by the EEOC that it still has not

23  completed its investigation of the expanded class.

24  //////////

25  //////////

26  //////////

27- //////////.

28  //////////

DECLARATION OF GEOFFREY V. WHITE IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' DEMURRER - CASE NO. CGC-07-467639                                    - 3 -

1       I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct, and that this Declaration was executed this _29th_ day of January,

3   2008 in San Francisco, California.

4                               LAW OFFICE OF GEOFFREY V. WHITE

5                 By:

6                               Geoffrey V. White
                            Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF GEOFFREY V. WHITE IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' DEMURRER - CASE NO. CGC-07-467639**       - 4 -

# EXHIBIT 1

LAW OFFICE
OF
# GEOFFREY V. WHITE
351 CALIFORNIA STREET, SUITE 1500
SAN FRANCISCO, CALIFORNIA 94104-2407
TEL: (415) 362-5658
FAX: (415) 362-4115



October 31, 2005


## HAND-DELIVERED -- CONFIDENTIAL SETTLEMENT COMMUNICATION


Kenneth Williams, President and CEO
Stone & Youngberg LLC
One Ferry Building
San Francisco, CA 94111


Re:     **Catherine Molnar and Patricia Shepard -- Departure Agreements**

Dear Mr. Williams:

This office has been retained to represent Catherine Molnar and Patricia Shepard with respect to their employment claims against Stone & Youngberg, arising from their abrupt termination without cause on or about October 7, 2005.

We have reviewed the proposed "Departure Agreement and Release" proffered to both Ms. Molnar and Ms. Shepard shortly after their termination. Essentially, these Agreements offer to pay each of them (a) a portion of the bonus previously guaranteed to them for 2005, and (b) a part of the remainder of the bonus, now called "additional consideration," in order to obtain a release of all claims against Stone & Youngberg. We believe this severance offer is woefully inadequate, because it not only reneges on the terms of their employment agreements, but also ignores the pattern of discrimination based on sex and/or pregnancy committed by Stone & Youngberg against them.

## FACTS

### A.     Patricia Shepard.

Ms. Shepard was originally promised a position as a Managing Director at Stone & Youngberg (S&Y) with an equity share and guaranteed salary and bonus. However, when funding occurred in July 2004, she was presented with an Offer Letter hiring her as a Principal, without equity. She was told only Managing Directors were entitled to equity. She had previously turned down a better position with Citibank at

EXHIBIT ___1___

L  OFFICE OF GEOFFREY V. W

Kenneth Williams, CEO
Stone and Youngberg LLC
October 31, 2005
Page 2

higher compensation, in reliance on the Managing Director offer.  Ms. Shepard complained about this lower position, and was finally made a Managing Director in January 2005, but without equity.

In July 2005, Ms. Shepard left on maternity Leave of Absence, after being told that she had only 6 weeks of disability leave at 60% of pay.  She was then pressured to return to work after only 5 weeks.

In September 2005, Ms. Shepard was advised that S & Y Asset Management was being spun off from S & Y.  She was assured that her employment with S&Y and S&Y Asset Management would continue until the spin-off at year-end.  She was also told that, as one of the "producers" with direct client responsibility, her position would not be eliminated.  After purchasing a new home in reliance on these representations, she was told on October 7, 2005 she was terminated without cause.  Ms. Shepard was apparently the only producer terminated as part of this spin-off, while virtually all male producers were retained.

We have recently learned that Ms. Shepard's termination was part of an overall pattern of sex discrimination against women in employment, particularly with respect to salary and benefits.  With respect to salary, we have evidence that several men with less experience and qualifications than Ms. Shepard were employed as Principals and Managing Directors for S & Y and paid between $50,000 and $75,000 per year in total compensation more than she was.  Contrary to Management's representations to her, even male Principals and Vice Presidents were given equity shares.  With respect to disability leave, we have learned that a man employed by S & Y was recently granted paternity leave with full pay, not the 60% of compensation she received.

**B.      Catherine Molnar.**

Ms. Molnar's treatment was even more egregious.  She was hired in October 2004 as a Managing Director of S & Y Asset Management, while she was living in Massachusetts.  Management insisted that she sell her family business there, as well as her home.  Ms. Molnar commuted for months to California, until approximately April 30, 2005, when her doctor restricted her from flying because of her pregnancy.  From May 1, 2005 until June 21, 2005, when she gave birth, she continued to work full-time from home.  She commenced a disability leave, continuing to work part-time from home, and received disability benefits at 60% of pay for approximately 3 months until mid-September, 2005, when S & Y stopped paying her without explanation.

LAW OFFICE OF GEOFFREY V. WHITE

Kenneth Williams, CEO
Stone and Youngberg LLC
October 31, 2005
Page 3

Management derided her leave as "vacation", even though she had been working steadily from home. The Departure Agreement confirms this attitude, by proposing to reduce her bonus because of her maternity leave.

At the time she was hired by S & Y, Management promised Ms. Molnar that in return for moving to California, S & Y would make up any loss on the sale of her family business up to $100,000. Management also promised to guarantee her salary and bonus through December 2005. In September 2005, even while S & Y was actively negotiating to eliminate her job, Management continued to press Ms. Molnar to come back from disability leave, sell her family business and move to California as soon as possible. She was similarly assured she would continue to be employed by S&Y through December 2005, when funding for the spin-off was expected. At Management's behest, Ms. Molnar expedited the sale, thus losing the income that would be generated by the bakery's holiday sales. Two days after she closed the sale, S & Y told her she would be terminated without cause. Management has now advised her it will not honor its contractual obligations to pay for the losses on the sale of her business, and repudiated its guarantee of salary and bonus through December 2005.

Like Ms. Shepard, Ms. Molnar also suffered substantial economic losses from the discriminatory salary and benefits structure of S & Y. Although Ms. Molnar was a Managing Director, she has recently learned that several men at S & Y with equal or less qualifications and experience were paid $50,000 to $75,000 more per year in salary and guaranteed bonus than she was. Even the male Principal who reported to her was paid $25,000/yr. more than she. She also suffered from the same discriminatory policy regarding reduced compensation for maternity leave.

## DAMAGES

We think the above evidence is sufficient to prove claims for sex discrimination in salary and benefits with regard to Ms. Shepard and Ms. Molnar, as well as wrongful termination based on sex, pregnancy and/or disability leave. In addition, we believe there is substantial evidence to support a claim by Ms. Molnar for fraudulent inducement to move to California, entitling her and her spouse to double damages under California Labor Code Section 970. Further, Ms. Molnar and Ms. Shepard have contractual claims for lost salary, bonus and equity under the terms of their Offer Letters.

LAW OFFICE OF GEOFFREY V. WHITE

Kenneth Williams, CEO
Stone and Youngberg LLC
October 31, 2005
Page 4

A.    **Bonus.**

Under the Offer Letters, Ms. Shepard was entitled to a guaranteed bonus of $55,000/yr. through December 2005. Ms. Molnar was guaranteed a bonus of $60,000/yr. through December 2005. The Departure Agreement repudiates both.

B.    **Lost Salary.**

As indicated above, Ms. Shepard was paid approximately $50,000 to $75,000 less per year in total compensation than equal or lesser-qualified males employed by S & Y. Ms. Molnar suffered approximately the same loss of total compensation. In addition, because S & Y has now terminated them, we believe it must also bear responsibility for the salary, bonus and other income both will lose until they can obtain equivalent employment. We expect it will require at least 6 to 12 months for each of them to attain the same level of total compensation they would have earned at S & Y. Their termination stripped them of their client base and destroyed their credibility with clients, so each will have to begin anew.

C.    **Other Damages.**

As you know, if we prevail on Ms. Shepard's and Ms. Molnar's claims of sex and/or disability discrimination, each of them would be entitled to damages under both Federal and State law, including back pay, front pay, liquidated damages, emotional distress damages, potential punitive damages, and attorneys' fees. In an effort to resolve this matter confidentially and expeditiously, our settlement proposal makes no claim for non-economic damages, such as for emotional distress. However, be assured this will be a substantial component of damages should this matter proceed to litigation. Ms. Shepard's abrupt and unexplained termination, coming shortly after her pregnancy and her purchase of a home in reliance on the security of her position, has caused her severe distress, emotional upset and acute embarrassment, not only with respect to co-employees, but especially with her clients and prospective clients, now stripped from her by S & Y. It has caused extreme anxiety regarding her medical coverage for herself and her new family. It has wiped away almost two years of work and relationship building, some of which can never be re-built.

LAW OFFICE OF GEOFFREY V. WHITE

Kenneth Williams, CEO
Stone and Youngberg LLC
October 31, 2005
Page 5

With respect to Ms. Molnar, the emotional distress damages are even more severe. She was maliciously compelled to sell her family business at a loss of approximately $150,000, including capital and income loss, and her husband has been deprived of future income from the business he worked several years to build. They have also been compelled to sell their home at a substantial loss in order for Ms. Molnar to salvage her career here in California. In addition, Ms. Molnar is still suffering from a serious and potentially life-threatening disability resulting from her pregnancy, so that the loss of medical coverage for herself and her baby has been devastating. Both she and her husband are now without income and unable to afford adequate substitute medical coverage.

## SETTLEMENT DEMAND

LAW OFFICE OF GEOFFREY V. W.

Kenneth Williams, CEO
Stone and Youngberg LLC
October 31, 2005
Page 6


      Please direct all further communications to the undersigned.   Thank you for your
prompt attention to this matter.

                          Very truly yours,

                          Geoffrey V. White


GVW/mc

cc:    Catherine Molnar
       Patricia Shepard

# EXHIBIT 2

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 370-2006-00457 |

**California Department Of Fair Employment & Housing** and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Ms. Catherine  Molnar | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 288 Essex St., S Hamilton, MA 01982 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| STONE AND YOUNGBERG, LLP | 201 - 500 | (415) 445-2300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Ferry Bldg.,  San Francisco, CA 94111 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| S AND Y MANAGEMENT | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Ferry Bldg., San Francisco, CA 94111 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
**10-7-2005**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I began working for Respondent on October 18, 2004.  My last job title was Managing Director.  On or about the last week of February, 2005, I became aware that male Managing Directors at SYAM made substantially more than I did even though they had equal or lesser qualifications and experience.  I also learned that more junior males were paid more than I was and had an equity share as part of their compensation.  I also learned that the male Principal who reported to me, Frank Sutton, was paid $25,000/yr. more than I was.    In May, 2005, Patricia Shepard and I spoke to Mr. Piazza, Robin Nakao, CFO, and Cherie Larson, Human Resources, about Respondent's maternity leave policy being below the industry standard.  In June 21, 2005 until mid-September, 2005, I took a pregnancy-related disability leave which Joe Piazza, President, Stone and Youngberg Asset Management, referred to as a "vacation." In September 2005, I was advised that S & Y Asset Management was being spun off from S & Y.  In mid-September, 2005, my disability benefits were terminated without explanation.  On October 7, 2005, I was abruptly terminated without cause despite my excellent work performance and was told that my bonus would be reduced because of my disability.  During the same spinoff, 1 out of 4 professional women, or 25%, were retained while 7 out of 10 men, or 70 %, were retained.  The three women laid off were more qualified and experienced than several of the men retained.**

**Respondent did not give a reason for its discriminatory actions.**

| | |
|---|---|
| want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 12-15-05          X *Catherine A. Molnar* Date                   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**RECEIVED**
**DEC 19 2005**
**EEOC-SFDO**

EXHIBIT 2

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 370-2006-00457 |

**California Department Of Fair Employment & Housing** _____ and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(Continued from previous page):*

**I believe that I have been discriminated against on the basis of my sex, Female, and because of my pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that a class of women has been discriminated against in violation of the statute. I also believe that I have been discriminated against in violation of the Americans with Disabilities Act of 1990, as amended. I also believe that I have been retaliated against in violation of the statutes.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 12-15-05           x *Catherine A. Molnar*<br>Date           *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 370-2006-00453 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Patricia Shepard | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 19 Underhill Rd., Mill Valley, CA 94941 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| S AND Y ASSET MANAGMENT | 201 - 500 | (415) 445-2300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Ferry Building, San Francisco, CA 94111 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| S AND Y MANAGEMENT | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1 Ferry Bldg., San Francisco, CA 94111 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **10-7-2005**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for Respondent on July 19, 2004. My last job title was Managing Director. On or about the last week of February, 2005, I became aware that male Managing Directors at SYAM made substantially more than I did even though most had equal or lesser qualifications and experience. I also learned that more junior males were paid more than I was and had an equity share as part of their compensation (which Joe Piazza, President, Stone and Youngberg Asset Management, originally promised me and which I did not receive). In May, 2005, Catherine Molnar and I spoke to Mr. Piazza, Robin Makao, CFO, and Cherie Larson, Human Resources, about Respondent's maternity leave policy being below the industry standard. In August, 2005, I took a maternity Leave of Absence. In September 2005, I was advised that S & Y Asset Management was being spun off from S & Y. On October 7, 2005, I was abruptly terminated without cause despite my excellent work performance. During the same spinoff, 1 out of 4 professional women, or 25%, were retained while 7 out of 10 men, or 70 %, were retained. The three women laid off were more qualified and experienced than several of the men retained.

Respondent did not give a reason for its discriminatory actions.

I believe that I have been discriminated against on the basis of my sex, Female, and because of my pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that a class

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/13/05 _____ Date   Charging Party Signature | **RECEIVED** SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) DEC 13 2005 **EEOC-SFDO** |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 370-2006-00453 |

| **California Department Of Fair Employment & Housing** | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (Continued from previous page):

**of women has been discriminated against in violation of the statute. I also believe that I have been retaliated against in violation of the statute.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/18/05 *Date*    *Palm Shepard* Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year ) |

# EXHIBIT 3

LAW OFFICE
OF
## GEOFFREY V. WHITE
351 CALIFORNIA STREET, SUITE 1500
SAN FRANCISCO, CALIFORNIA 94104-2407
TEL: (415) 362-5658
FAX: (415) 362-4115



May 23, 2006

## PRIVILEGED SETTLEMENT COMMUNICATION

Joseph J. Piazza
240 Madrona Avenue
Belvedere, CA 94920

    Re    **Shepard & Molnar v. Stone & Youngberg et al.**

Dear Mr. Piazza:

As you may be aware, this office has been retained to represent Patricia Shepard and Catherine Molnar regarding their employment claims against Stone & Youngberg and S&Y Asset Management, arising from their abrupt termination without cause on or about October 7, 2005.

Briefly stated, these claims include claims for damages (1) under their employment agreements; (2) for sex discrimination in their wages, benefits and termination; and (3) for fraud in inducing Ms. Molnar to sell her business and move to San Francisco. A more detailed statement is in my letter to S&Y's counsel, dated November 23, 2005, a copy of which is enclosed. The matter is now being investigated by the Equal Employment Opportunity Commission in San Francisco.

Based on certain information provided to us, it appears that Stone & Youngberg may take the position certain of your actions on behalf of S&Y Asset Management were either unauthorized or beyond the scope of your employment. In that event, of course, S&Y may claim no legal obligation to defend or indemnify you, and we may be compelled to seek legal recourse against you personally.

Of course, we would prefer to resolve this matter privately with all responsible parties. S&Y has agreed to private mediation, and we are hopeful the EEOC will also agree to participate. However, S&Y's likely position, as indicated above, may make the mediation unsuccessful without your assistance in clarifying S&Y's instructions, knowledge, or ratification of these actions.

EXHIBIT _3_

Case3:08-cv-04592-WHA Document2-2 Filed09/18/08 Page30 of 72

Joseph J. Piazza
May 23, 2006
Page 2

     I would appreciate it if you would telephone me, or have your legal counsel telephone me, to discuss this further at your earliest convenience. Thank you.

               Very truly yours,

               Geoffrey V. White

GVW/mc

Enclosure

cc:     (w/o encl.)
        Patricia Shepard
        Catherine Molner

# EXHIBIT 4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415) 625-5600
TTY (415) 625-5610
FAX (415) 625-5609

Charge Numbers 370-2006-00462 & 370-2006-00457

Catherine Molnar                    Charging Party          **RECEIVED**
288 Essex St.
S Hamilton, MA 01982                                        SEP 1 9 2006

S and Y Asset Management            Respondent
Stone and Youngberg, LLP
1 Ferry Bldg.
San Francisco, CA 94111

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the charges filed under Title VII of the Civil Rights Act of 1964. All jurisdictional requirements have been met.

The Charging Party alleges that she was discriminated against based on her sex, Female, when she was subjected to disparate terms and conditions of employment and discharged. The Charging Party also alleges that she was retaliated against for engaging in protected activity when she was discharged.

Respondent denies Charging Party's allegations.

Evidence indicates that Charging Party was discriminated against because of her sex, Female, when she was subjected to disparate terms and conditions of employment. The evidence also indicates that a class of similarly situated female employees were discriminated against because of their sex, Female, when they were subjected to disparate terms and conditions of employment. Evidence also indicates that Charging Party was discharged because of her sex, Female. The evidence also indicates that a class of similarly situated female employees were discharged because of their sex, Female. Evidence also indicates that Charging Party was retaliated against for engaging in protected activity when she was discharged.

EXHIBIT  4

Letter of Determination
Page Two
EEOC Charge #s 370-2006-00462 & 370-2006-00457

Based upon the record of evidence, I have determined that there is reasonable cause to believe that Charging Party was discriminated against based on her sex, Female, when she was subjected to disparate terms and conditions of employment. I have also determined that there is reasonable cause to believe a class of similarly situated female employees were discriminated against because of their sex, Female, when they were subjected to disparate terms and conditions of employment. I have also determined that there is reasonable cause to believe that Chargign Party was discriminated against based on her sex, Female, when she was discharged. The evidence also indicates that a class of similarly situated female employees were discharged because of their sex, Female. I have also determined that Charging Party was retaliated against for engaging in protected activity when she was discharged.

Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained regarding disability discrimination establishes a violation of the Americans with Disabilities Act of 1990, as amended. This does not certify that the Respondent is in compliance with the statute.

Section 706(b) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), requires that if the Commission determines that there is reasonable cause to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

A representative of the Commission will contact you in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's Procedural Regulations. When the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing.

You are reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

9/18/06
DATE

H. Joan Ehrlich
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415) 625-5600
TTY (415) 625-5610
FAX (415) 625-5609

Charge Numbers 370-2006-00461 & 370-2006-00453

Patricia Shepard                           Charging Party
19 Underhill Rd.
Mill Valley, CA 94941

**RECEIVED**
SEP 1 9 2006

S and Y Asset Management                   Respondent
Stone and Youngberg, LLP
1 Ferry Bldg.
San Francisco, CA 94111

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the charges filed under Title VII of the Civil Rights Act of 1964. All jurisdictional requirements have been met.

The Charging Party alleges that she was discriminated against based on her sex, Female, when she was subjected to disparate terms and conditions of employment and discharged. The Charging Party also alleges that she was retaliated against for engaging in protected activity when she was discharged.

Respondent denies Charging Party's allegations.

Evidence indicates that Charging Party was discriminated against because of her sex, Female, when she was subjected to disparate terms and conditions of employment. The evidence also indicates that a class of similarly situated female employees were discriminated against because of their sex, Female, when they were subjected to disparate terms and conditions of employment. Evidence also indicates that Charging Party was discharged because of her sex, Female. The evidence also indicates that a class of similarly situated female employees were discharged because of their sex, Female. Evidence also indicates that Charging Party was retaliated against for engaging in protected activity when she was discharged.

Letter of Determination
Page Two
EEOC Charge #s 370-2006-00461 & 370-2006-00453

Based upon the record of evidence, I have determined that there is reasonable cause to believe that Charging Party was discriminated against based on her sex, Female, when she was subjected to disparate terms and conditions of employment. I have also determined that there is reasonable cause to believe a class of similarly situated female employees were discriminated against because of their sex, Female, when they were subjected to disparate terms and conditions of employment. I have also determined that there is reasonable cause to believe that Charging Party was discriminated against based on her sex, Female, when she was discharged. The evidence also indicates that a class of similarly situated female employees were discharged because of their sex, Female. I have also determined that Charging Party was retaliated against for engaging in protected activity when she was discharged.

Section 706(b) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), requires that if the Commission determines that there is reasonable cause to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

A representative of the Commission will contact you in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's Procedural Regulations. When the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing.

You are reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

9/18/06
DATE

_for_ H. Joan Ehrlich
District Director

# EXHIBIT 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

RECEIVED

FEB - 8 2007

350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Tel.(415) 625-5600
Toll Free: (800) 669-4000

Stone and Youngberg, LLP
S and Y Asset Management
c/o Mike Lucey
Gordon & Rees, LLP
275 Battery St., Suite 2000
San Francisco, CA 94111

Re:    Patricia Shepard vs. S and Y Asset Management and Stone and Youngerg,
       EEOC Charges Nos. 370-2006-00453 and 370-2006-00461
       Catherine Molnar vs. S and Y Asset Management and Stone and Youngberg,
       EEOC Charge Nos. 370-2006-00462 and 370-2006-00457

Pursuant to the authority vested in the District Director by 29 CFR §1601.21(b) & (d), I am
hereby revoking the Letters of Determination previously issued on the above referenced charges
and reopening said charges for further investigation.

Dated:   1/25/07

H. Joan Ehrlich, District Director

EXHIBIT

1   **GEOFFREY V. WHITE (SBN. 068012)**
    **LAW OFFICE OF GEOFFREY V. WHITE**
2   351 California St., Suite 1500
    San Francisco, California 94104
3   Telephone: (415) 362-5658
    Facsimile: (415) 362-4115
4   Email: gvwhite@sprynet.com

5   Attorneys for Plaintiffs

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN FRANCISCO

10                         (UNLIMITED JURISDICTION)

11  CATHERINE MOLNAR and                )   **Case No. CGC-07-467639**
    PATRICIA SHEPARD,                   )
12                                      )   **[PROPOSED] ORDER OVERRULING**
            Plaintiffs,                 )   **DEFENDANTS' DEMURRER**
13                                      )
                v.                      )
14                                      )
    **S & Y ASSET MANAGEMENT LLC,** a   )
15  Delaware corporation; **STONE &**   )
    **YOUNGBERG, LLC,** a California     )
16  corporation; **JOSEPH PIAZZA; TOM** )
    **LOCKARD;** and **DOES ONE through** )
17  **TWENTY,** inclusive,              )
                                        )
18          Defendants.                 )
                                        )
19  _____

20          The Demurrer of Defendants S&Y ASSET MANAGEMENT LLC, STONE &

21  YOUNGBERG LLC, JOSEPH PIAZZA, and TOM LOCKARD to Plaintiffs PATRICIA

22  SHEPARD's and CATHERINE MOLNAR's Complaint came on regularly before this Court for

23  hearing on February 11, 2008, at 9:30 a.m., in Department 301.  The Court having read the

24  papers submitted in support of and in opposition to Defendants' motion, and good cause

25  appearing, the Court finds equitable tolling applies and Plaintiffs are given leave to amend to so

26  allege. Defendants' Demurrer is hereby overruled.

27

28  Dated: _____          _____
                                        Judge of the Superior Court

    **[PROPOSED] ORDER OVERRULING DEFENDANTS' DEMURRER**
    **- CASE NO. CGC-07-467639**                                    - 1 -

MICHAEL T. LUCEY  (SBN: 099927)
MICHAEL A. LAURENSON (SBN: 190023)
MARCIE S. ISOM (SBN: 226906)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
S&Y MANAGEMENT LLC; STONE & YOUNGBERG, LLC;
JOSEPH PIAZZA; TOM LOCKARD

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 0 4 2008

GORDON PARK-LI, Clerk
BY:_____
WESLEY RAMIREZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

CATHERINE MOLNAR and PATRICIA
SHEPARD,

Plaintiffs,

vs.

S&Y ASSET MANAGEMENT LLC, *et al.*,

Defendants.

CASE NO. CGC-07-467639

**DEFENDANTS' REPLY BRIEF IN
SUPPORT OF DEMURRER**

Date:  February 11, 2008
Time:  9:30 a.m.
Dept:  301

BY FAX

*Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

## I.   INTRODUCTION

Plaintiffs argue that their cause of action for violation of Labor Code section 970 is not untimely because the statute of limitations is either two or three years and/or because they are entitled to equitable tolling during the time they have been pursing their remedies with the EEOC.  However, the cases upon which plaintiffs rely do not support these arguments.  The only published cases on the issue hold that the statute of limitations is one year, and equitable tolling has been held not to apply to toll the statute of limitations for an independent harm while a plaintiff pursues an alternative administrative process.  Accordingly, defendants' demurrer should be sustained without leave to amend.

## II.   RELEVANT FACTS

It is alleged in the Complaint and not disputed that plaintiffs were terminated on October 7, 2005, but did not file the instant lawsuit until nearly two years later, on September 27, 2007.

-1-

1  In opposition, plaintiffs offer by way of attorney declaration, that they wrote a demand

2 letter to defendants on October 31, 2005, putting them on notice of a claim for violation of Labor

3 Code section 970, and that they both filed charges with the EEOC in December 2005 which are

4 still pending.  Assuming for the sake of argument that the court may consider these unpled facts

5 on this motion on the pleadings, they do not serve to revive plaintiffs' untimely claim.

6          **III. ARGUMENT**

7 **A. The Statute of Limitations is One Year**

8  Admittedly, there is a dearth of published authority on this point.  Nevertheless, the only

9 available published authority holds that the proper statute of limitations is the one-year period

10 provided for liability based on statute, Code of Civil Procedure section 340.[1]

11  In *Aguilera v. Pirelli Armstrong Tire Corp.* (9th Cir. 2000) 223 F.3d 1010, 1018, the

12 Ninth Circuit, citing a California case, *Munoz v. Kaiser Steel Corp.* (1984) 156 Cal.App.3d 965,

13 980, "assume[d] the correctness of the district court conclusion" that the plaintiffs' "statutory

14 claim under § 970 … [was] governed by the one year statute of limitations found in California

15 Code of Civil Procedure § 340."  In *Munoz*, the court wrote of "the one-year statute of

16 limitations applicable to both [Labor Code] sections 971 and 972 (see Code Civ.Proc., § 340,

17 subd. (1)) … ."  (156 Cal.App.3d at 980.)  Plaintiffs make no attempt to dispute or distinguish

18 these decisions, which are both still good law; they simply ignore them.

19  The cases plaintiffs do cite do not address the statute of limitations.  They do, however,

20 refer to Labor Code section 970 as a "<u>statutory</u> tort cause of action," which would support the

21 application of Code of Civil Procedure section 340(a) for "[a]n action upon a statute … ."

22 (*Burden v. County of Santa Clara* (2000) 81 Cal.App.4th 244, 253 [emphasis added].)

23  Thus, this Court is presented, on the one hand, with cases which hold or assume that the

24 statute of limitations is one year, and, on the other hand, argument by plaintiffs, which is not

---

[1] Plaintiffs mistakenly chastise defendants for "fail[ing] to point out to the Court that Cal. Code
Civ. Pro. Section 340(a) was amended in 2002, to enlarge the applicable statute of limitations to
a minimum of 2 years."  (Plaintiff's Opposition, 2:8-9.)  It was the personal injury statute of
limitations, now found at section 335.1, that was increased from one to two years in 2002.
(Stats.2002, c. 448 (S.B.688), § 3.)  The limitations period for an action based on statute was one
year prior to this amendment, and remains one year.

-2-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   supported by any case law, that it should be longer.  Clearly, the former is more persuasive, and

2   this Court should find that the statute of limitations is one year.  Therefore, because plaintiffs did

3   not file the instant lawsuit until almost two years after their terminations, their section 970 claims

4   are untimely, absent equitable tolling, which, as demonstrated below, does not apply here.

5   **B.    Equitable Tolling Does Not Apply Here**

6          Plaintiffs, themselves critical of defendants' reliance on "only one California case from

7   1984" concerning the statute of limitations, here correctly recite the history of the doctrine of

8   equitable tolling as it was established by the case law up through 1980.  However, more recent

9   cases make clear that the doctrine has no application here, where a plaintiff is pursuing an

10  independent, alternative administrative process.

11         In *Mathieu v. Norrell* (2004) 115 Cal.App.4th 1174, the plaintiff sued her former

12  employer for sexual harassment in violation of the FEHA, and for tortious wrongful termination

13  in violation of public policy.  The defendants were granted summary adjudication on her tort

14  claim on the ground it was barred by the statute of limitations.  The plaintiff argued on appeal

15  that it was timely based on equitable tolling because she had filed an earlier charge with the

16  DFEH.  The appellate court wrote that "[the plaintiff's] tolling argument is not supported by any

17  reported California case."  (115 Cal.App.4th at 1189.)  Following its review of the case law, the

18  court wrote:

19              Recognizing equitable tolling in the context of concurrent state and
                federal administrative proceedings preceding a statutory claim
20              under the FEHA, however, is far different from permitting a
                plaintiff to delay filing a common law tort action because an
21              alternative administrative process has not yet been completed.  We
                decline to extend the ruling of [*Downs v. Department of Water &
22              Power* (1997) 58 Cal.App.4th 1093, 1100] to the current situation,
                as to which its rationale is simply inapplicable.  Summary
23              adjudication was properly granted as to Mathieu's wrongful
                termination claim.
24

25  (*Id.* at 1190.)  The *Mathieu* court also cited to a case from the Northern District of California,

26  *Burmeister v. Automatic Data Processing, Inc.* (N.D.Cal. 1999) 1999 WL 111890, which came

27  to the same result.  Indeed, in *Burmeister*, the plaintiff made essentially the same argument in

28  support of equitable tolling as plaintiffs make in the instant case, arguing that:

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

> [T]he doctrine of "equitable tolling" should toll [her] common law
> wrongful termination/public policy claim.  In particular, she argues
> that since her wrongful termination claim arises out of the same
> facts as her FEHA claims it would make no sense for her to file her
> wrongful termination claim within one year of her termination and
> then later file her FEHA claim after the administrative process is
> over and she has been given her right-to-sue notice. She concludes
> that since her FEHA claim is timely filed her wrongful termination
> claim should be deemed timely filed as well.

(1999 WL 111890, *1.)  The *Burmeister* court "conclude[d] that as a matter of law equitable

tolling does not apply here," failing to find, as had *Mathieu*, "any California case which suggests

that the California courts would recognize equitable tolling under such circumstances." (*Id.* at

*2.)

     While both *Mathieu* and *Burmeister* involved tort claims and an administrative charge,

there is no reason why the analysis would be any different with plaintiffs' statutory claims for

violation of Labor Code section 970.  Plaintiffs' pursuit of EEOC remedies for their alleged

discriminatory discharge is an "alternative administrative process" which is entirely independent

from their "statutory tort" claim that they were fraudulently lured to accept their jobs in the first

place.

     Even the cases upon which plaintiffs rely require the same outcome.  The cases of *Elkins*,

*Addison* and *Collier*, all cited by plaintiffs, were collected and summarized in *Downs v.*

*Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1100, where the court then provided

a three-factor test to "determine whether the statute of limitations is equitably tolled in a

particular case:  (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to

defendants in gathering evidence to defend against the second claim; and (3) good faith and

reasonable conduct by plaintiffs in filing the second claim."

     Here, plaintiffs cannot satisfy the first factor, because the only claims that they have

"filed"—their EEOC charges—do not provide timely notice to defendants of the facts in support

of the Labor Code section 970 claim.  They also cannot satisfy the second factor, which

"essentially translates to a requirement that the facts of the two claims be identical or at least so

similar that the defendant's investigation of the first claim will put him in a position to fairly

defend the second." (*Downs,* 58 Cal.App.4th at 1100.)  Here, plaintiffs' EEOC charges, which

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

1  only allege facts related to their discrimination claims, are totally independent from and

2  unrelated to their claims that they were fraudulently lured to accept their jobs in the first place,

3  and an investigation of their alleged discriminatory terminations will not put defendants in a

4  position to fairly defend against their fraud claims, which depend only upon defendants'

5  knowledge and representations at the time of their hiring.

## IV.    CONCLUSION

7       Because plaintiffs' Labor Code section 970 claims were not filed within the applicable

8  one-year statute of limitations and are not saved by the doctrine of equitable tolling based on

9  their pursuit of alternative remedies with the EEOC, defendants' demurrer should be sustained

10  without leave to amend and plaintiffs' fifth cause of action dismissed from the Complaint.

11  Dated:  February 4, 2008                    GORDON & REES LLP

13                                              By:

                                                   MICHAEL LAURENSON
14                                              Attorneys for Defendants
                                                S&Y MANAGEMENT LLC; STONE &
15                                              YOUNGBERG, LLC; JOSEPH PIAZZA; TOM
                                                LOCKARD

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA. 94111

-5-

DEF.'S REPLY BRIEF I.S.O. DEMURRER – CASE NO.   CGC-07-467639

## PROOF OF SERVICE

1

2    I am a resident of the State of California, over the age of eighteen years, and not a party
3  to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite
   2000, San Francisco, CA 94111. On February 4, 2008, I served the within documents:

4   **DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEMURRER**

5   ☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set
       forth below on this date before 5:00 p.m.
6
    ☐  by personally delivering the document(s) listed above via Docket Rocket to the
7      person(s) at the address(es) set forth below.

8   ☐  by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in United States mail in the State of California at San Francisco,
9      addressed as set forth below.

10  ☒  by placing a true copy thereof enclosed in a sealed envelope, at a station designated
       for collection and processing of envelopes and packages for overnight delivery by
11     FedEx as part of the ordinary business practices of Gordon & Rees LLP described
       below, addressed as follows:

12
       Geoffrey V. White
13     Law Office of Geoffrey V. White
       351 California Street, Suite 1500
14     San Francisco, CA 94104
       Telephone: (415) 362-5658
15     Facsimile: (415) 362-4115

16     I am readily familiar with the firm's practice of collection and processing correspondence
17  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
18  motion of the party served, service is presumed invalid if postal cancellation date or postage
    meter date is more than one day after the date of deposit for mailing in affidavit.

19     I declare under penalty of perjury under the laws of the State of California that the above
20  is true and correct.

21     Executed on February 4, 2008, at San Francisco, California.

22

23                                                        Karen Sheehy

24

25

26

27  *Catherine Molnar and Patricia Shepard v. Stone & Youngberg, et al.*
    **Case No. CGC-07-467639**
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MICHAEL T. LUCEY  (SBN:  099927)
MICHAEL A. LAURENSON  (SBN:  190023)
MARCIE S. ISOM  (SBN:  226906)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
S&Y ASSET MANAGEMENT LLC; STONE & YOUNGBERG,
LLC; JOSEPH PIAZZA; TOM LOCKARD

SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

| CATHERINE MOLNAR and PATRICIA SHEPARD, | ) | CASE NO. CGC-07-467639 |
|---|---|---|
| | ) | **[PROPOSED] ORDER SUSTAINING DEMURRER** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| S&Y ASSET MANAGEMENT LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants' Demurrer to Plaintiffs' Fifth Cause of Action for violation of Labor Code

Section 970 came on regularly before this Court for hearing on February 11, 2008, at 9:30 a.m.,

in Department 301.  Michael Laurenson appeared for defendants and moving parties.  Geoffrey

White appeared for plaintiffs.  The Court having read the papers submitted in support of and in

opposition to said motion and having considered the arguments of counsel, and on good cause

appearing therefor,

IT IS HEREBY ORDERED that defendants' demurrer is <u>sustained</u> with 10 days leave to

amend to plead facts establishing tolling of the one-year statute of limitations, if plaintiffs can do

so in good faith.

Dated: _____, 2008

_____
JUDGE OF THE SUPERIOR COURT

Approved as to Form:

_____
Attorney for Plaintiffs

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MNTR/1045938/5329762v.1

-1-

1 | MICHAEL T. LUCEY (SBN: 099927)
MICHAEL A. LAURENSON (SBN: 190023)
2 | MARCIE S. ISOM (SBN: 226906)
GORDON & REES LLP
3 | 275 Battery Street, Suite 2000
San Francisco, CA 94111
4 | Telephone: (415) 986-5900
Facsimile: (415) 986-8054
5

6 | Attorneys for Defendants
S&Y ASSET MANAGEMENT LLC; STONE & YOUNGBERG,
7 | LLC; JOSEPH PIAZZA; TOM LOCKARD

8 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9

10 | CATHERINE MOLNAR and PATRICIA          CASE NO. CGC-07-467639
SHEPARD,
11                                        [PROPOSED] ORDER SUSTAINING
                        Plaintiffs,       DEMURRER
12
        vs.
13
S&Y ASSET MANAGEMENT LLC, et al.,
14
                        Defendants.
15

16 |     Defendants' Demurrer to Plaintiffs' Fifth Cause of Action for violation of Labor Code

17 | Section 970 came on regularly before this Court for hearing on February 11, 2008, at 9:30 a.m.,

18 | in Department 301. Michael Laurenson appeared for defendants and moving parties. Geoffrey

19 | White appeared for plaintiffs. The Court having read the papers submitted in support of and in

20 | opposition to said motion and having considered the arguments of counsel, and on good cause

21 | appearing therefor,

22 |     IT IS HEREBY ORDERED that defendants' demurrer is sustained with 10 days leave to

23 | amend to plead facts establishing tolling of the one-year statute of limitations, if plaintiffs can do

24 | so in good faith.

25 | Dated: _____, 2008

26 |                                    JUDGE OF THE SUPERIOR COURT
Approved as to Form:
27
_____
28 | Attorney for Plaintiffs

-1-

*Left margin:* Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael T. Lucey (99927) Michael A. Laurenson (190023)<br>Gordon & Rees LLP<br>275 Battery Street, 20th Floor<br>San Francisco, CA  94111 | |

TELEPHONE NO.: **(415) 986-5900**    FAX NO. *(Optional):*   **(415) 986-8054**

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* **Defendants Stone & Younberg, et al.**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Francisco**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER: **Catherine Molnar and Patricia Shepard**

DEFENDANT/RESPONDENT: **Stone & Younberg, et al.**

*ENDORSED*
*F I L E D*
*San Francisco County Superior Court*

~~B~~ 0 4 2008

*GORDON PARK-LI, Clerk*
BY: **BERNADETTE THOMPSON**
Deputy Clerk

| | CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|---|
| (Check one):  ☒  UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐  LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | CGC-07-467639 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: **February 29, 2008**        Time: **9:00 a.m.**    Dept.: **212**    Div.:        Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☒   This statement is submitted by party *(name):* **Defendants Stone & Younberg, et al.**
    b.  ☐   This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐   The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐   All parties *named* in the complaint and cross-complaint have been served, or have   appeared, or have been dismissed.
    b.  ☐   The following *parties* named in the complaint or cross-complaint
        (1)  ☐   have not been served *(specify names and explain why not):*

        (2)  ☐   have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐   have had a default entered against them *(specify names):*

    c.  ☐   The following additional parties may be added  *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☒   complaint   ☐   cross-complaint    *(describe, including causes of action):*
        Breach of employment contract; gender discrimination

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: Molnar et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: S & Y Asset Management et al. | CGC-07-467639 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs are former financial advisors of Defendant financial services company. Plaintiffs were induced to move their residences by Defendants' false promises, then laid off. Plaintiffs allege their pay and benefits were discriminatory, and that their termination was in breach of contract, in bad faith, violation of public policy, and discriminatory.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 10 days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Fax number:

f. E-mail address:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**

a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.

b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c. ☒ The case has gone to an ADR process *(indicate status):* Mediation in November 2006 before JAMS Mediator Hon. William Cahill (Ret.)

CM-110

| PLAINTIFF/PETITIONER: | Molnar et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | S & Y Asset Management et al. | CGC-07-467639 |

10. d.   The party or parties are willing to participate in *(check all that apply):*

    (1) ☒ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☒ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a.   ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b.   Reservation of rights: ☐ Yes ☐ No

  c.   ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☒ Other *(specify):* pending EEOC investigation;

Status: Expecting Right-to-Sue letter after determination.

**14. Related cases, consolidation, and coordination**

  a.   ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b.   ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: Molnar et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: S & Y Asset Management et al. | CGC-07-467639 |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Requests for Production | May 2008 |
| Plaintiffs | Defendants' Depositions | July 2008 |
| Plaintiffs | Expert Discovery | November 2008 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*: Plaintiffs will amend to add statutory claims for employment discriminations after EEOC investigation is concluded.

**20. Meet and confer**
a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 5, 2008

Geoffrey V. White
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Law Office of Geoffrey V. White, 351 California Street, San Francisco, CA 94104-2407. On February 5, 2008, I served the within documents:

**CASE MANAGEMENT STATEMENT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail in the State of California at San Francisco, addressed as set forth below.

Michael T. Lucey
Gordon & Rees
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

I am readily familiar with the firm's practice and collection of processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 5, 2008, at San Francisco, California.

Maxine Clamage

*Catherine Molnar and Patricia Shepard v. Stone & Youngberg, et al.*
**Case No. CGC-07-467639**

Proof of Service

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| CATHERINE MOLNAR et al<br><br><br>PLAINTIFF (S)<br><br>VS.<br><br>S & Y ASSET MANAGEMENT LLC, A<br>DELAWARE CORPORATION et al<br><br>DEFENDANT (S) | **Pretrial Department 212**<br>**Case Management Order**<br><br><br><br>NO. CGC-07-467639<br><br>**Order Continuing Case**<br>**Management Conference** |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The FEB-29-2008 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on APR-11-2008 in Department 212 at 9:00 AM.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: FEB-20-2008                    ARLENE T. BORICK
_____
                                              JUDGE/COMMISSIONER

1  MICHAEL T. LUCEY  (SBN: 099927)
   MICHAEL A. LAURENSON  (SBN: 190023)
2  MARCIE S. ISOM  (SBN: 226906)
   GORDON & REES LLP
3  275 Battery Street, Suite 2000
   San Francisco, CA  94111
4  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
5
   Attorneys for Defendants
6  S&Y ASSET MANAGEMENT LLC; STONE & YOUNGBERG,
   LLC; JOSEPH PIAZZA; TOM LOCKARD
7

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

FEB 2 7 2003

GORDON PARK-LI, Clerk
BY: _____AUDREY HUIE_____
Deputy Clerk

8  SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9

10  CATHERINE MOLNAR and PATRICIA          )   CASE NO. CGC-07-467639
    SHEPARD,                               )
11                                         )   [PROPOSED] ORDER SUSTAINING
                      Plaintiffs,          )   DEMURRER
12                                         )
            vs.                            )
13                                         )
    S&Y ASSET MANAGEMENT LLC, *et al.*,    )
14                                         )
                      Defendants.          )
15                                         )

16         Defendants' Demurrer to Plaintiffs' Fifth Cause of Action for violation of Labor Code

17  Section 970 came on regularly before this Court for hearing on February 11, 2008, at 9:30 a.m.,

18  in Department 301.  Michael Laurenson appeared for defendants and moving parties.  Geoffrey

19  White appeared for plaintiffs.  The Court having read the papers submitted in support of and in

20  opposition to said motion and having considered the arguments of counsel, and on good cause

21  appearing therefor,

22         IT IS HEREBY ORDERED that defendants' demurrer is <u>sustained</u> with 10 days leave to

23  amend to plead facts establishing tolling of the one-year statute of limitations, if plaintiffs can do

24  so in good faith.

25  Dated:  FEB 2 6 2008 _____, 2008

                                            PETER J. BUSCH
26                                          JUDGE OF THE SUPERIOR COURT
                                            PETER J. BUSCH
27  Approved as to Form:

    SEE EXHIBIT "A" RE
28  ~~COMPLIANCE WITH CRC 3.1312~~
    Attorney for Plaintiffs

*Left margin:* Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MNTR/1045938/5329762v.1

1 | MICHAEL T. LUCEY (SBN: 099927)
MICHAEL A. LAURENSON (SBN: 190023)
2 | MARCIE S. ISOM (SBN: 226906)
GORDON & REES LLP
3 | 275 Battery Street, Suite 2000
San Francisco, CA 94111
4 | Telephone: (415) 986-5900
Facsimile: (415) 986-8054
5 |
Attorneys for Defendants
6 | S&Y ASSET MANAGEMENT LLC; STONE & YOUNGBERG,
LLC; JOSEPH PIAZZA; TOM LOCKARD
7 |

8 |               SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9 |

10 | CATHERINE MOLNAR and PATRICIA        )    CASE NO. CGC-07-467639
SHEPARD,                              )
11 |                                    )    [PROPOSED] ORDER SUSTAINING
                      Plaintiffs,      )    DEMURRER
12 |                                    )
         vs.                           )
13 |                                    )
S&Y ASSET MANAGEMENT LLC, et al.,      )
14 |                                    )
                      Defendants.      )
15 | _____)

16 |     Defendants' Demurrer to Plaintiffs' Fifth Cause of Action for violation of Labor Code

17 | Section 970 came on regularly before this Court for hearing on February 11, 2008, at 9:30 a.m.,

18 | in Department 301. Michael Laurenson appeared for defendants and moving parties. Geoffrey

19 | White appeared for plaintiffs. The Court having read the papers submitted in support of and in

20 | opposition to said motion and having considered the arguments of counsel, and on good cause

21 | appearing therefor,

22 |     IT IS HEREBY ORDERED that defendants' demurrer is sustained with 10 days leave to

23 | amend to plead facts establishing tolling of the one-year statute of limitations, if plaintiffs can do

24 | so in good faith.

25 | Dated: _____, 2008

26 |                                          JUDGE OF THE SUPERIOR COURT

27 | Approved as to Form:

28 | _____
Attorney for Plaintiffs

EXHIBIT "A"

-1-

ORDER SUSTAINING DEMURRER – CASE NO. CGC-07-467639

1   MICHAEL T. LUCEY (SBN: 099927)
    MICHAEL A. LAURENSON (SBN: 190023)
2   MARCIE S. ISOM (SBN: 226906)
    GORDON & REES LLP
3   275 Battery Street, Suite 2000
    San Francisco, CA 94111
4   Telephone: (415) 986-5900
    Facsimile: (415) 986-8054
5
    Attorneys for Defendants
6   S&Y ASSET MANAGEMENT LLC;
    STONE & YOUNGBERG, LLC;
7   JOSEPH PIAZZA; TOM LOCKARD

8

9             SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

10

11  CATHERINE MOLNAR and PATRICIA      )   CASE NO. CGC07-467639
    SHEPARD,                           )
12                                     )   **NOTICE OF ENTRY OF ORDER**
                        Plaintiffs,    )
13                                     )
        vs.                            )
14                                     )
    S&Y ASSET MANAGEMENT LLC, et al.,  )
15                                     )
                        Defendants.    )
16                                     )
                                       )
17

18

19          TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that the Court entered the attached Order on February 27,

21  2008.

22  Dated: March 3, 2008              GORDON & REES, LLP

23

24                                    By
                                         MICHAEL A. LAURENSON
25                                    Attorneys for Defendants
                                      S&Y ASSET MANAGEMENT LLC; STONE &
26                                    YOUNGBERG, LLC; JOSEPH PIAZZA; TOM
                                      LOCKARD
27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 0 4 2008

GORDON PARK-LI, Clerk
BY:_____
                Deputy Clerk

BY FAX

-1-
NOTICE OF ENTRY OF ORDER

MNTR/1043850/5463949v.1

1   MICHAEL T. LUCEY (SBN: 099927)
    MICHAEL A. LAURENSON (SBN: 190023)
2   MARCIE S. ISOM (SBN: 226906)
    GORDON & REES LLP
3   275 Battery Street, Suite 2000
    San Francisco, CA 94111
4   Telephone: (415) 986-5900
    Facsimile: (415) 986-8054
5
    Attorneys for Defendants
6   S&Y ASSET MANAGEMENT LLC;
    STONE & YOUNGBERG, LLC;
7   JOSEPH PIAZZA; TOM LOCKARD
8
9              SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO
10
11  CATHERINE MOLNAR and  PATRICIA            )   CASE NO. CGC07-467639
    SHEPARD,                                   )
12                                             )   **NOTICE OF ENTRY OF ORDER**
                          Plaintiffs,          )
13                                             )
              vs.                              )
14                                             )
    S&Y ASSET MANAGEMENT LLC, *et al.*,        )
15                                             )
                          Defendants.          )
16                                             )
                                               )
17  ────────────────────────────────────────  )
18
19          TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:
20          PLEASE TAKE NOTICE that the Court entered the attached Order on February 27,
    2008.
21
    Dated: March 3, 2008
22
                                          GORDON & REES, LLP
23
24                                        By
                                             MICHAEL A. LAURENSON
25                                        Attorneys for Defendants
                                          S&Y ASSET MANAGEMENT LLC; STONE &
26                                        YOUNGBERG, LLC; JOSEPH PIAZZA; TOM
                                          LOCKARD
27
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MNTR/1042850/5463949v.1

-1-

1  MICHAEL T. LUCEY  (SBN: 099927)
   MICHAEL A. LAURENSON  (SBN: 190023)
2  MARCIE S. ISOM  (SBN: 226906)
   GORDON & REES LLP
3  275 Battery Street, Suite 2000
   San Francisco, CA  94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendants
6  S&Y ASSET MANAGEMENT LLC; STONE & YOUNGBERG,
   LLC; JOSEPH PIAZZA; TOM LOCKARD
7

ENDORSED
F I L E D
San Francisco County Superior Court

FEB 2 7 2008

GORDON PARK-LI, Clerk
BY: _____AUDREY HUIE_____
                    Deputy Clerk

8             SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9

10 CATHERINE MOLNAR and PATRICIA    )   CASE NO. CGC-07-467639
   SHEPARD,                        )
11                                 )   [PROPOSED] ORDER SUSTAINING
                   Plaintiffs,     )   DEMURRER
12                                 )
         vs.                       )
13                                 )
   S&Y ASSET MANAGEMENT LLC, et al.,)
14                                 )
                   Defendants.     )
15 _____)

16         Defendants' Demurrer to Plaintiffs' Fifth Cause of Action for violation of Labor Code

17 Section 970 came on regularly before this Court for hearing on February 11, 2008, at 9:30 a.m.,

18 in Department 301.  Michael Laurenson appeared for defendants and moving parties.  Geoffrey

19 White appeared for plaintiffs.  The Court having read the papers submitted in support of and in

20 opposition to said motion and having considered the arguments of counsel, and on good cause

21 appearing therefor,

22         IT IS HEREBY ORDERED that defendants' demurrer is <u>sustained</u> with 10 days leave to

23 amend to plead facts establishing tolling of the one-year statute of limitations, if plaintiffs can do

24 so in good faith.

25 Dated: ____FEB 2 6 2008____, 2008

                                        PETER J. BUSCH
26 Approved as to Form:                 JUDGE OF THE SUPERIOR COURT
                                        PETER J. BUSCH
27 SEE EXHIBIT "A" RE
   COMPLIANCE WITH CRC 3.1312
28 Attorney for Plaintiffs

MNTR/1045938/5329762v.1

-1-

Received   Feb-11-08   02:15pm   From-   To-GORDON & REES,LLP 4   Page 002

Gordon & Rees          2/11/2008 1:51     PAGE 002/002     Fax Server

1 | MICHAEL T. LUCEY (SBN: 099927)
2 | MICHAEL A. LAURENSON (SBN: 190023)
  | MARCIE S. ISOM (SBN: 226906)
3 | GORDON & REES LLP
  | 275 Battery Street, Suite 2000
4 | San Francisco, CA 94111
  | Telephone: (415) 986-5900
5 | Facsimile: (415) 986-8054

6 | Attorneys for Defendants
  | S&Y ASSET MANAGEMENT LLC; STONE & YOUNGBERG,
7 | LLC; JOSEPH PIAZZA; TOM LOCKARD

8 | SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9

10 | CATHERINE MOLNAR and PATRICIA    ) CASE NO. CGC-07-467639
   | SHEPARD,                          )
11 |                                   ) [PROPOSED] ORDER SUSTAINING
   |               Plaintiffs,         ) DEMURRER
12 |                                   )
   |     vs.                           )
13 |                                   )
   | S&Y ASSET MANAGEMENT LLC, et al., )
14 |                                   )
   |               Defendants.         )
15 |                                   )

16 |     Defendants' Demurrer to Plaintiffs' Fifth Cause of Action for violation of Labor Code

17 | Section 970 came on regularly before this Court for hearing on February 11, 2008, at 9:30 a.m.,

18 | in Department 301. Michael Laurenson appeared for defendants and moving parties. Geoffrey

19 | White appeared for plaintiffs. The Court having read the papers submitted in support of and in

20 | opposition to said motion and having considered the arguments of counsel, and on good cause

21 | appearing therefor,

22 |     IT IS HEREBY ORDERED that defendants' demurrer is sustained with 10 days leave to

23 | amend to plead facts establishing tolling of the one-year statute of limitations, if plaintiffs can do

24 | so in good faith.

25 | Dated: _____, 2008

26 |                                         JUDGE OF THE SUPERIOR COURT

27 | Approved as to Form:

28 | Attorney for Plaintiffs

## EXHIBIT "A"

-1-

ORDER SUSTAINING DEMURRER – CASE NO.  CGC-07-467639

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On March 3, 2008, I served the within documents:

**NOTICE OF ENTRY OF ORDER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above via Docket Rocket to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

Geoffrey V. White
Law Office of Geoffrey V. White
351 California Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 362-5658
Facsimile: (415) 362-4115

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2008, at San Francisco, California.

Karen Sheehy

*Catherine Molnar and Patricia Shepard v. Stone & Youngberg, et al.*
**San Francisco County Superior Court, Case No. CGC-07-467639**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MNTR/1042850/5314258v.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Geoffrey V. White (SBN. 068012)
Law Office of Geoffrey V. White
351 California Street, Suite 1500
San Francisco, CA 94104
TELEPHONE NO.: (415) 362-5658   FAX NO. *(Optional):* (415) 362-4115
E-MAIL ADDRESS *(Optional):*  gvwhite@sprynet.com
ATTORNEY FOR *(Name):*  Plaintiffs Molnar and Shepard

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: MOLNAR ET AL.

DEFENDANT/RESPONDENT: S & Y ASSET MANAGEMENT et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [XX] UNLIMITED CASE   [ ] LIMITED CASE<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | CGC-07-467639 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: April 11, 2008   Time: 9:00 a.m.   Dept.: 212   Div.:   Room:
Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [XX] This statement is submitted by party *(name):*  Plaintiffs Molnar & Shepard
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  September 27, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [XX] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [XX] complaint   [ ] cross-complaint   *(describe, including causes of action):*
      Wrongful termination in violation of public policy; breach of contract; fraud;
      Violation of Labor Code Sec. 970; intentional infliction of emotional distress.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Molnar et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: S & Y Asset Management et al. | CGC-07-467639 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs are former financial advisors of Defendant financial services company. Plaintiffs were induced to move their residences by Defendants' false promises, then laid off. Plaintiffs allege their pay and benefits were discriminatory, and that their termination was in breach of contract, in bad faith, violation of public policy, and discriminatory.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☒☒☒ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☒☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒☒ days *(specify number):*   10 days
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☒☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☒☒ The case has gone to an ADR process *(indicate status):* Mediation in November 2006 before JAMS
Mediator Hon. William Cahill (Ret.)

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Molnar et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: S & Y Asset Management et al. | CGC-07-467639 |

10. d.  The party or parties are willing to participate in (check all that apply):

(1) ☒ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other (specify):

e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

## 11. Settlement conference

☒ The party or parties are willing to participate in an early settlement conference (specify when):

## 12. Insurance

a.  ☐ Insurance carrier, if any, for party filing this statement (name):

b.  Reservation of rights: ☐ Yes ☐ No

c.  ☐ Coverage issues will significantly affect resolution of this case (explain):

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☒ Other (specify): pending EEOC investigation;

Status: Expecting right-to-sue letter after determination; Defendants now requested further investigation by EEOC in approximately 30 days.

## 14. Related cases, consolidation, and coordination

a.  ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

## 16. Other motions

☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110

| PLAINTIFF/PETITIONER: | Molnar et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | S & Y Asset Management et al. | CGC-07-467639 |

### 17. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Request for Production | June 2008 |
| Plaintiffs | Defendants' Depositions | August 2008 |
| Plaintiffs | Expert Discovery | December 2008 |

c. ☐ The following discovery issues are anticipated (specify):

### 18. Economic Litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

### 19. Other issues

☒ The party or parties request that the following additional matters be considered or determined at the case management conference (specify): Plaintiffs will amend to statutory claims for employment discrimination after EEOC investigation is concluded.

### 20. Meet and confer

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

### 21. Case management orders

Previous case management orders in this case are (check one): ☒ none ☐ attached as Attachment 21.

### 22. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 25, 2008

Geoffrey V. White

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

1

## PROOF OF SERVICE

2

3        I am a resident of the State of California, over the age of eighteen years, and not a party

4    to the within action.   My business address is:   Law Office of Geoffrey V. White, 351

5    California Street, San Francisco, CA 94104-2407.   On March 25, 2008, I served the within

6    documents:

7                          **CASE MANAGEMENT STATEMENT**

8    ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully
         prepaid, in the United States mail in the State of California at San Francisco, addressed as
9        set forth below.

10       Michael T. Lucey
         Gordon & Rees
11       275 Battery Street, Suite 2000
         San Francisco, CA 94111
12       Telephone: (415) 986-5900
         Facsimile: (415) 986-8054

13

14       I am readily familiar with the firm's practice and collection of processing correspondence
     for mailing.   Under that practice it would be deposited with the U.S. Postal Service on that
15   same day with postage thereon fully prepaid in the ordinary course of business.   I am aware
     that on motion of the party served, service is presumed invalid if postal cancellation date or
16   postage meter date is more than one day after the date of deposit for mailing in affidavit.

17       I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.

18       Executed on March 25, 2008, at San Francisco, California.

19

20                                          _Maxine Clamage_
                                            Maxine Clamage

21

22

23

24   *Catherine Molnar and Patricia Shepard v. Stone & Youngberg, et al.*
     **Case No. CGC-07-467639**

25

26

27

28

Proof of Service